UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALEXANDRA WIENERT,

      Plaintiff,


-vs-                                            Case No.
                                                     Hon.


GMAC MORTGAGE, CORPORATION, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

      Defendants.

## COMPLAINT & JURY DEMAND

**Note: This lawsuit seeks injunctive relief.  Specifically, the Defendants are attempting to wrongfully foreclose upon the Plaintiff's home and sale is scheduled for October 30, 2008. Plaintiff, *inter alia*, seeks an order enjoining the foreclosure of the subject property.**

### Jurisdiction

1.     The Plaintiff to this lawsuit is a citizen of Michigan and the Defendants to this lawsuit are citizens of states other than Michigan.

2.     The amount in controversy exceeds $75,000.00, exclusive of costs and attorneys fees.

3.     This court has diversity  jurisdiction pursuant to 28 U.S.C. § 1332.

4.     This action is also brought under the Federal Real Estate Settlement Procedures Act ("R.E.S.P.A."), 12 U.S.C. § §2605, and jurisdiction is also proper pursuant to and 28 U.S.C. § 1331, 1337.; this court, as such,  may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. §  1367.

**Parties**

5.  The Plaintiff  to this lawsuit residesin Ypsilanti, Michigan in Washtenaw County.

6.  The Defendant, GMAC MORTGAGE CORPORATION, is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

7.  The Defendant,  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

8.  At all relevant times, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., is the agent for GMAC MORTGAGE CORPORATION.

**Venue**

9.  The transactions and occurrences which give rise to this action occurred in Washtenaw County and in the City of Ypsilanti.

10. Venue is proper in the Eastern District Of Michigan.

**General Allegations**

11. On or about August 31, 21004, Plaintiff and the GMAC Mortgage Corporation entered into a Mortgage.

12. Plaintiff continued to make timely payments on the mortgage until June of 2005, when she fell 30 days behind on a payment.

13. On August 25, 2005, Plaintiff quickly cured any default including any late fees.

14. In late September of 2005, Plaintiff sent two payments in to GMAC Mortgage Corporation in the amount of $2,971.52.

2

15.   For reasons unknown, GMAC Mortgage Corporation refused to credit this payment and returned the check to the Plaintiff, but not until November of 2005 and not before charging Plaintiff with excessive penalties and not before sending the Plaintiff's home in foreclosure.

16.   On December 16, 2005, Plaintiff sent GMAC Mortgage Corporation $6,197.00, more than enough money to cure any alleged default and to cover any late fees imposed by GMAC Mortgage Corporation up until that point, but not enough to cover the additional $1,700.00 odd dollars that the Defendant charged the Plaintiff with for fees associated with the foreclosure that never should have been assessed to begin with.

17.   GMAC Mortgage Corporation demanded that Plaintiff enter into a Foreclosure Repayment Agreement that required her to pay off the additional $1,666.44 along with her regular monthly payments over a 23 month period.

18.   GMAC Mortgage Corporation rejected Plaintiff's first payment on January 30, 2007, causing her home to go into foreclosure again and resulting in GMAC Mortgage Corporation charging the Plaintiff an additional $4,200.00 odd dollars in fees under the terms of a second, foreclosure repayment agreement.

19.   Under the terms of the foreclosure repayment plan dated February 10, 2006, Plaintiff would make a higher monthly payment for 23 months from March of 2006 until January of 2008; at the end of this period, presuming she made her payments on time, Plaintiff would resume her regular monthly payments.

20.   Plaintiff made all of her 23 monthly payments timely under the terms of the foreclosure repayment agreement and fully complied with the agreement.

3

21.   In January of 2008, Plaintiff contacted GMAC Mortgage Corporation by phone to inquire as to the exact amount of her regular monthly payment, assuming that taxes and insurance were probably not exactly the same as they had been two years earlier.

22.   No one at GMAC Mortgage Corporation could provide an answer for Plaintiff as to any information about her mortgage, Plaintiff continued to pay the amount set forth in the foreclosure repayment agreement, even though this amount was higher than her original regular monthly payment of $1,476.06.

23.   From January to May of 2008, Plaintiff continued to timely pay more than her original monthly payment.

24.   In June of 2008, Plaintiff tried again to get a straight answer from GMAC Mortgage Corporation regarding her regular monthly payment; at that time, a representative of GMAC Mortgage Corporation told her that she needed to pay $1,795.10 by the end of June or her home would go into foreclosure.

25.   On June 25, 2008, Plaintiff paid GMAC Mortgage Corporation $1,795.10.

26.   In July of 2008, GMAC Mortgage Corporation rejected Plaintiff's payment with no explanation and sent her home into foreclosure once again.

27.   Since July of 2008, GMAC Mortgage Corporation has refused to accept any funds from the Plaintiff and has demanded a new foreclosure repayment plan which seeks additional fees in excess of $12,000.00.

28.   Plaintiff, her parents and her former counsel,  repeatedly contacted GMAC Mortgage Corporation and its attorneys, and tried to explain that  GMAC Mortgage Corporation  had made a mistake and was charging amounts  not authorized by the terms of the loan.

4

29.     Plaintiff, her parents and her former counsel,  repeatedly contacted GMAC Mortgage
        Corporation and its attorneys, and asked for an explanation of why the Plaintiff continued
        to get assessed for excessive fees.

30.     On August 25, 2008, Plaintiff sent her qualified written request to GMAC Mortgage
        Corporation which included her name, loan number and the property address; the qualified
        written request indicated a statement of the reason for her belief that there was an error; and
        requested in sufficient detail that the Defendant provide specific information so that Plaintiff
        could determine the exact nature of the disputed items.

31.     Defendant received a copy of Plaintiff's qualified written request.

32.     Despite its receipt of Plaintiff's qualified written request letter, Defendant, GMAC Mortgage
        Corporation,  refused and failed to lawfully and properly respond to Plaintiff's qualified
        written request and continues to attempt to collect money and items not owed by the
        Plaintiff.

33.     Despite its receipt of Plaintiff's qualified written request letter and its failure to properly
        respond to this request, Defendant, GMAC Mortgage Corporation, continues its foreclosure
        proceedings against the Plaintiff's home.

34.     GMAC Mortgage Corporation  failed to conduct the necessary investigation into the
        disputes tendered by Plaintiff in violation of RESPA, and, as such, GMAC Mortgage
        Corporation continued with its wrongful foreclosure of the property and subjected
        Plaintiff to additional illegal charges and fees.

35.      GMAC Mortgage Corporation  failed to discontinue credit reporting during the
        pendency of Plaintiff's qualified written request.

5

36.     A foreclosure sale is now scheduled for October 30, 2008.

37.     Plaintiff will be irrevocably harmed if the foreclosure sale is allowed to proceed.

### COUNT  I – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*

### (GMAC Mortgage Corporation)

38.     Plaintiffs incorporate the preceding allegations by reference.

39.     R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens

and loans used to payoff an existing loan secured by the same property;

40.     Plaintiff's transactions involved a federally regulated mortgage loan.

41.     R.E.S.P.A. prohibits kickbacks and referral fees, in accordance with 12 U.S.C. § 2607(a).

42.     R.E.S.P.A. prohibits unearned fees, in accordance with 12 U.S.C. § 2607(b).

43.     GMAC Mortgage Corporation  willfully violated the R.E.S.P.A. by taking unearned fees

from the Plaintiff

44.     GMAC Mortgage Corporation  willfully violated the R.E.S.P.A. in one or more of the

following ways, by example only and without limitation:

    a.      By failing to make appropriate corrections in the Plaintiff's account and transmit

        written notification of such correction to the Plaintiff (12 U.S.C.

        §2605(e)(2)(A));

    b.      By failing to provide the Plaintiff with a written explanation or clarification that

        includes a statement of the reasons that GMAC Mortgage Corporation believed

        the Plaintiff's account to be correct and the name and telephone number of an

        individual employed by Defendant who could provide assistance to the Plaintiff

        (12 U.S.C.  §2605(e)(2)(B));

    c.      By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by GMAC Mortgage Corporation and the name and telephone number of an individual  who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)©); and

    d.      By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of GMAC Mortgage Corporation's receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

45.    As a result of these violations, the Plaintiff has suffered damages.

## <u>COUNT  II – REQUEST FOR EQUITABLE, DECLARATORY & INJUNCTIVE RELIEF (GMAC MORTGAGE, CORPORATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.)</u>

46.    Plaintiff incorporates the preceding allegations by reference.

47.    It appears that Plaintiff was not in default at the end of the repayment plan or that Defendant, GMAC Mortgage Corporation wrongfully accelerated the mortgage balance due.

48.   Likewise, it appears that a genuine, good faith disputed existed over the amount of the monthly payments due and balance owing to GMAC Mortgage Corporation.

49.   Given Plaintiff's history of overpaying on her mortgage, it appears that Plaintiff, when the balance sheet is stripped of illegal and excessive fees, is **several months ahead in her payments**, there is no equitable basis to allow GMAC Mortgage Corporation or its nominee to foreclose upon the properly and throw Plaintiff onto the street.

50.   Plaintiff requests that the Court grant her equitable, declaratory and injunctive relief to decelerate the mortgage balance, remove her from foreclosure, and declare her not to have been in breach of the mortgage agreement.

51.   Additionally, Plaintiff requests declaratory relief that the fees and costs attributable to the foreclosures by GMAC Mortgage Corporation were unauthorized.

52.   Additionally, Plaintiff requests an immediate accounting of all sums due and owing based upon the facts found, as well as a corresponding correction of all credit reporting relating to the mortgage.

### COUNT  III – BREACH OF CONTRACT/ WRONGFUL FORECLOSURE
### (GMAC MORTGAGE, CORPORATION)

53.   Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

54.   The agreement between the parties as set forth herein constituted an enforceable contract.

55.   Plaintiff performed fully under the terms of the contract – or cured any default –  and under those terms was entitled to full performance by the Defendants.

56.   GMAC Mortgage Corporation  has repeatedly breached its contract with the Plaintiff by:

    a.   causing a breach which it wrongly attributed to Plaintiff in order to pressure her into paying unnecessary and unwarranted fees and costs;.

    b.   imposing unnecessary fees and costs upon her;

    c.   repeatedly misstating the amount due under her loan;.

    d.   requesting specific forms of action on the part of Plaintiff and then claiming that her course of conduct justified default under the mortgage and foreclosure upon her home;

    e.   wrongfully foreclosing on her home;

    f.   refusing to perform in good faith;

    g.   willfully misstating her payment history to credit reporting agencies so as to disable her from refinancing;

57.   GMAC Mortgage Corporation, accelerated the entire balance of the contract in bad faith and commenced foreclosure proceedings.

58.   These actions by GMAC Mortgage Corporation constitute a breach of the contract obligations as construed by Michigan law.

59.   Plaintiff has suffered damages as a result of this breach of contract.

60.   Defendant breached the contract between the parties.

61.   Plaintiff has suffered damages as a result of Defendant's breach of contract.

## COUNT IV – VIOLATION OF M.C.L § 445.901 *et seq.*

62. Plaintiff hereby incorporates all the facts and allegations set forth previously as if fully set forth herein.

63. The facts set forth in this complaint establish that Defendants have violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

64. Plaintiff has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

### Demand for Jury Trial

65. Plaintiff Demands trial by jury in this action.

### Demand For Judgment for Relief

*ACCORDINGLY,* Plaintiff requests *that this Court:*

a.    *Award actual damages.*

b.    *Award statutory damages.*

c.    *Award exemplary damages.*

d.    *Award costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for Alexandra Wienert
       18930 West 10 Mile Rd. Suite 2500
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:   adamgtaub@clgplc.net

Dated: October 21, 2008

10